NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMEN ROSA GOMEZ, Individually, and as Administrator Ad Prosequen-dum of the Estate of Jorge L. Gomez, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>H&M INTERNATIONAL TRANSPORTATION, INC.,<br><br>Defendant. | Civil Action No.: 17-231 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Hoist Liftruck Manufacturing, Inc.'s ("HLM") motion to dismiss the Complaint filed by Plaintiff Rosa Gomez. Plaintiff has opposed this motion. (ECF No. 24). Defendants H&M Transport Management ("H&M") and FedEx Freight, Inc. ("FedEx") have also opposed HLM's motion. (ECF Nos. 26, 27), and HLM has replied to those oppositions (ECF No. 28).[1] The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has reviewed all papers filed in support of and in opposition to the pending motion, and for the reasons stated herein, Defendant HLM's motion to dismiss the Complaint is granted.

---

[1] On April 6, 2017, by way of letter to the Court, Defendant General Cable Industries joined in the oppositions filed by Plaintiff, H&M, and FedEx. (ECF No. 29).

## I. Background

Plaintiff Carmen Rosa Gomez ("Plaintiff") is the surviving wife of decedent Jorge L. Gomez. (ECF No. 1, "Compl." ¶ 1). This action arises out of an incident that occurred at the Croxton Intermodal Terminal in Jersey City, New Jersey. (Id. ¶ 51). Plaintiff alleges that on August 15, 2016, Mr. Gomez was working at the Terminal "as a lift machine-operator/switcher." (Id. ¶ 66). On that date, "[Mr. Gomez] was in the act of transferring intermodal container FDXU 532907 from railcar DTTX 732196(c) on Track E within Croxton Intermodal Terminal, onto Capacity Jockey Truck #22645, using Hoist Life Truck – Loaded Container Handler #28-9347 when the boom of the Hoist Lift Truck – Loaded Container Handler #28-9347 and the attached intermodal container FDXU 532907 struck" decedent. (Id. ¶ 76). Plaintiff alleges that this incident resulted in Mr. Gomez's death. (Id. ¶ 80).

Plaintiff filed the instant action on January 12, 2017, asserting claims in her own name and on behalf of Mr. Gomez's estate. Plaintiff asserts claims against a number of Defendants, each of which appear to be business entities involved in the commercial railroad industry. (See Compl. ¶¶ 4-12). Specifically, Plaintiff alleges the following claims: violation of the Federal Employers' Liability Act (Count I); negligence (Count II); design defect (Count III), manufacturing defect (Count IV) and failure to warn (Count V) under the New Jersey Products Liability Act; wrongful death (Count VI); a survival action (Count VII); and loss of consortium (Count VIII). Plaintiff also seek punitive damages against Defendants. (Count IX).

Defendant HLM filed the pending motion to dismiss on February 28, 2017. (ECF No. 15, "HLM Mov. Br."). Plaintiff, as well as HLM's Co-Defendants, H&M and FedEx, have each opposed HLM's motion to dismiss. (ECF No. 24, "Pl.'s Br."; ECF No. 26, "H&M Br."; ECF No.

27, "FedEx Br."). HLM replied to these oppositions on March 27, 2017. (ECF No. 28, "HLM Reply Br."). This motion is now ripe for the Court's adjudication.

## II. Legal Standard

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. Discussion

### a. Negligence (Count II)

In Count II of the Complaint, Plaintiff asserts a claim of negligence against the following Defendants: H&M, Norfolk Southern Corporation, Consolidated Rail Corporation, Technical Services International, MI-Jack Products, Inc., HLM, FedEx, General Cable Industries, Inc. and PMX Industries, Inc. (Compl. at 17). HLM argues that dismissal of Plaintiff's negligence claim is warranted because same is precluded by Plaintiff's NJPLA claims and because Plaintiff has failed to specifically plead any allegations of negligence as against HLM in particular. (HLM's Mov. Br. at 8; HLM's Reply Br. at 8). The Court agrees that Plaintiff's negligence claim is deficient in both regards.

3

A plaintiff asserting a claim under the New Jersey Products Liability Act ("NJPLA") foregoes the ability to recover under any other theory of liability as it relates to the defective product. N.J.S.A. 2A:58C–1(b)(3). The language of the PLA makes it clear the Act is the only vehicle a plaintiff may use to recover for a product liability action, expressly providing that: "*any claim* or action for harm caused by a product, *irrespective of the theory underlying the claim*, except actions for harm caused by breach of an express warranty" falls under the ambit of the Act. Id. (emphasis added); *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir. 1991) ("[I]t [is] clear that [the PLA] . . . effectively creates an exclusive statutory cause of action for claims falling within its purview."). Furthermore, New Jersey courts have expressly held that "[t]he [PLA] no longer recognizes negligence or breach of warranty (with the exception of express warranty) as a viable separate claim for 'harm' . . . caused by a defective product." *Tirrell v. Navistar Int'l, Inc.*, 248 N.J. Super. 390, 398 (N.J. Super. Ct. App. Div. 1991); *see Reiff v. Convergent Tech.*, 957 F. Supp. 573, 583 (D.N.J. 1997)("Under New Jersey products liability law, negligence and breach of warranty are no longer viable as separate claims for harm caused by a defective product."); *Oquendo v. Bettcher Indus., Inc.*, 939 F. Supp. 357, 361 (D.N.J. 1996)(same).

According to Plaintiff, the "claims for negligence should not be subsumed by Plaintiff's product liability claims as the negligent conduct arises from entirely separate circumstances and is properly pleaded to include other negligent conduct on the part of Defendant, not inherent to the product itself." (Pl.'s Br. at 16). Specifically, Plaintiff argues that the negligence claims pertain to HLM's "maintenance, repair, inspection and modification of the Hoist Lift Truck." (Id.).

Yet, nowhere in the Complaint does Plaintiff assert negligence in the maintenance, repair, inspection or modification of the truck on the part of HLM. Rather, and as HLM notes, Plaintiff alleges negligence as against nine Defendants, but fails to differentiate between the conduct of any

4

of these Defendants. (HLM's Reply Br. at 8). That is, each allegation of negligence is asserted against "the answering Defendant," as opposed to any particular Defendant, and nowhere in the Complaint has Plaintiff identified who "the answering Defendant" is. Not only does this pleading deficiency fail to properly apprise each of the Defendants as to the allegations against them, but it also results in nonsensical pleadings. For example, in subsequent paragraphs of the Complaint, Plaintiff states that "the answering Defendant was the lessee of the Hoist Lift Truck," and that "the answering Defendant was the lessor of the Hoist Lift Truck." (Compl. ¶¶ 111, 112).

The Opposing Parties attempt to cure this fatal pleading deficiency by relying on an attachment to Plaintiff's brief in opposition to the pending motion to dismiss. (Pl.'s Br. at 16; FedEx Br. at 8; H&M Br. at 5). Plaintiff relies upon this document as evidence of HLM's agreement to repair and replace various aspects of the machines, which, according to Plaintiff "allow[s] for a separate claim for negligence to proceed." (Pl.'s Br. at 16). The Court declines to consider this document for the purposes of this motion. "[M]atters extraneous to the pleadings" are not normally considered on a motion to dismiss unless they are "integral to or explicitly relied upon in the complaint." *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010). In this case, the "agreement" now relied upon by the Opposing Parties was not "integral to or explicitly relied upon in the complaint," nor was it attached to that pleading. Plaintiff cannot attempt to amend the pleading through the filing of a newly-identified exhibit. Therefore, the Court declines to consider the implications, if any, of the agreement on Plaintiff's ability to assert a claim for negligence that is sufficient distinct from her NJPLA claims.

For all of the above reasons, Defendant HLM's motion to dismiss Plaintiff's negligence claim is granted.

### b. New Jersey Products Liability Act (Counts III, IV, V)

HLM argues that Plaintiff's claims under the NJPLA must be dismissed because the Complaint does not allege the requisite facts to support these claims. (HLM's Mov. Br. at 9-11). The Court agrees.

At the outset, the Court notes that Plaintiff's claims under the NJPLA suffer from the same deficiency as the negligence claim. That is, despite the fact that Plaintiff has brought her three products liability claims against three separate Defendants—Technical Services International, Mi-Jack Products Inc., and HLM—the Complaint fails to plead specific allegations against the separate Defendants. Instead, all allegations are asserted against the unidentified "answering Defendant" or "Defendant." (See Compl. at 27-35). In other words, Plaintiff has failed to put HLM on notice as to which allegations are asserted against HLM as opposed to Technical Services International or Mi-Jack Products, Inc. For this reason alone, counts III, IV and V of Plaintiff's Complaint are subject to dismissal.

In any event, even if Plaintiff had pled allegations as against Defendant HLM specifically, the Complaint would nonetheless fail to state a claim under the NJPLA. The NJPLA provides for liability on the part of the manufacturer or seller of a product upon a showing that the product contained a manufacturing defect or a design defect, or upon a showing of a failure to warn. N.J.S.A. 2A:58C-2.

Here, the Complaint is completely devoid of any factual allegations tending to support a products liability claim. Instead, the Complaint contains conclusory language modeled off the causes of action for design defect, manufacturing defect, and failure to warn. For example, a plaintiff asserting a claim under the NJPLA "must prove that the product was defective, that the defect could cause injury to a reasonably foreseeable user, and that the defect was the proximate cause of the plaintiff's damages." *London v. Lederle Laboratories, Div. of American Cyanamid*

*Co.*, 290 N.J. Super 318, 326-327 (N.J. Sup. Ct. App. Div. 1996). A product is defective if it is not "reasonably fit, suitable and safe for its intended use or foreseeable purposes." *Id.* (quotations omitted).

Here, Plaintiff summarily alleges that the "Hoist Lift Truck – Loaded Container Handler #28-9347 is defective in its design or formulation in that it is not reasonably fit, suitable or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation." (Compl. ¶ 204). Plaintiff thereafter offers more conclusory allegations that the product was "defective." However, nowhere does Plaintiff offer any specific factual allegations explaining how the product at issue is or was, in fact, "defective." Instead, Plaintiff's Complaint contains "a formulaic recitation of the elements of a cause of action," which pleading will not stand against a motion to dismiss for failure to state a claim. *Twombly*, 550 U.S. at 555.

### c. Plaintiff's Derivative Claims (Counts VI, VII, VIII, IX)

Finally, HLM moves for dismissal as to Plaintiff's claims for wrongful death, survival action, loss of consortium and for punitive damages. Specifically, HLM maintains that because these claims are derivative of the NJPLA and negligence claims, dismissal of those claims is warranted. The Court agrees. That is, in the absence of underlying substantive allegations, Plaintiff's claims for wrongful death, survival action, loss of consortium and for punitive damages cannot stand. *See, e.g., Smith v. Whitaker*, 160 N.J. 221, 233 (1999) (explaining that "a wrongful death action . . . is a derivative action arising in favor of beneficiaries named under that act" and that a claim under the "Survival Act preserves to the decedent's estate any personal cause of action that decedent would have had if he or she had survived"); *Finley v. NCR Corp.*, 964 F. Supp. 882, 889 (D.N.J. 1996) ("Loss of consortium is a derivative claim which depends for its sustenance upon a viable tort claim of the spouse.").

**IV. Conclusion**

For the reasons stated herein, HLM's motion to dismiss the Complaint is granted. The Court, therefore, dismisses Plaintiff's claims as against HLM, without prejudice to Plaintiff filing an amended pleading that cures the deficiencies identified herein. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: April 24, 2017

JOSE L. LINARES, U.S.D.J.